***********
1. Plaintiffs' Interrogatory No. 1: Defendants shall make a good faith effort to determine whether there are additional persons who have knowledge of the incidents alleged. Any information provided by defendants in response to this interrogatory shall be subject to the Protective Order included at the end of this Order.
2. Plaintiffs' Interrogatory No. 3: The information sought shall be limited to those persons who were responsible for the supervision of the minor plaintiff in this action between March 2001 and March 2002. Social security numbers shall not be required. Any information provided by defendants in response to this interrogatory shall be subject to the Protective Order included at the end of this Order.
3. Plaintiffs' Interrogatory No. 4: The information sought shall be held in abeyance until further Order of the Commission.
4. Plaintiffs' Interrogatory No. 5: The information sought shall be held in abeyance until further Order of the Commission.
5. Plaintiffs' Interrogatory No. 6: Defendants shall provide the information sought in this interrogatory with the exception of social security numbers and limited to incidents which occurred at the Swannanoa facility. Any information provided by defendants in response to this interrogatory shall be subject to the Protective Order included at the end of this Order.
6. Plaintiffs' Interrogatory No. 7: Defendants shall provide the information sought in this interrogatory with the exception of social security numbers and limited to incidents which occurred at the Swannanoa facility between 1996 and the present.
7. Plaintiffs' Interrogatory No. 8: Defendants shall provide the information sought in this interrogatory with the limitation of lawsuits, claims, etc. which occurred between 1996 and the present. Any information provided by defendants in response to this interrogatory shall be subject to the Protective Order included at the end of this Order.
8. Plaintiffs' Request for Production of Documents No. 1: Defendants shall provide the information sought in this request. Any documents provided by defendants in response to this request shall be subject to the Protective Order included at the end of this Order. Upon request by defendants, the documents may be submitted to the undersigned for incamera review prior to their release to plaintiffs.
9. Plaintiffs' Request for Production of Documents No. 2: Subsections (a) and (b): Defendants shall provide the information sought in these requests, limited to those incidents which occurred at the Swannanoa facility. Subsection (c): Defendants shall provide the information sought in these requests, limited to those incidents which involved child-to-child or staff-to-child, and which occurred between 1996 and the date the current action was filed. Any documents provided by defendants in response to this request shall be subject to the Protective Order included at the end of this Order. Upon request by defendants, the documents may be submitted to the undersigned for in camera review prior to their release to plaintiffs. Subsection (d) is hereby held in abeyance until further Order of the Commission.
10. Plaintiffs' Request for Production of Documents No. 3: Subsection (a): Defendants shall provide the information sought in this request, limited to those policies which were in effect between March 2001 and March 2002. Subsections (b) and (c) are hereby held in abeyance until further Order of the Commission.
11. Plaintiffs' Request for Production of Documents No. 4: Plaintiffs' request is allowed as it pertains to defendant Harkins. All other requests contained in Request No. 4 are denied. Any documents provided by defendants in response to this request shall be subject to the Protective Order included at the end of this Order.
12. Plaintiffs' Request for Production of Documents No. 5 is dismissed as duplicative of Request No. 4.
13. Plaintiffs' Request for Production of Documents No. 6: Defendants shall make a good faith effort to obtain the requested documents from the administrations of both the Swannanoa facility and the Department of Health and Human Resources, as well as from any other agency which, in the course of its efforts, defendants determine may be in possession of the requested documents. Defendants shall include in their response to this request a statement relating the path and course of defendants' efforts to obtain the requested documents, whether or not the effort was successful. The requested documentation shall be limited to those documents which were created between 1996 and the present.
14. Plaintiffs' Request for Production of Documents No. 7: Plaintiffs' request is hereby held in abeyance until further Order of the Commission.
15. Plaintiffs' Request for Production of Documents No. 8: Defendants shall provide the information sought in this request. Any documents provided by defendants in response to this request shall be subject to the Protective Order included at the end of this Order.
16. Plaintiffs' Request for Production of Documents Nos. 9 and 10: Defendants shall provide the information sought in these requests.
17. Plaintiffs' Request for Production of Documents No. 11: Plaintiffs' request is hereby held in abeyance until further Order of the Commission.
18. Plaintiffs' Request for Production of Documents No. 12: Defendants shall provide the information sought in this request, limited to documents which are specifically related to the alleged assaults of the minor plaintiffs.
Defendants shall have 30 days from the date of the receipt of this Order within which to provide plaintiffs with the requested information and documentation. Upon receipt by plaintiff of defendants' responses, the parties shall have seven days within which to schedule depositions in these claims. The depositions shall take place before 1 February 2003.
 PROTECTIVE ORDER
All such information provided shall be treated as confidential and shall not be used or disclosed except as provided herein.
a. The information provided shall be used only as necessary to the litigation of the claim in this case and may be disclosed to: (1) the Industrial Commission and the employees thereof; (2) court reporters and stenographers engaged for the taking of deposition testimony or other discovery in this litigation; (3) parties to this lawsuit; (4) counsel for parties to this lawsuit, including necessary secretarial, paralegal and clerical personnel assisting such counsel; (5) claims adjusters assigned to the claim, including necessary secretarial, paralegal and clerical personnel assisting such claims adjusters; (6) experts and their staff who are employed for the purposes of this litigation. None of the persons permitted to review said documents under this order may disclose the information to any other person.
b. None of the information provided shall be made public without further orders of the Industrial Commission. The parties shall be allowed to file any such documents under seal in connection with any proceedings in this action.
c. None of the information provided shall be made public or offered into evidence without further orders of the Industrial Commission.
This Protective Order has no bearing on the admissibility of this information at a hearing or at trial. All issues, arguments and objections relating to the admissibility of the produced information into evidence are preserved. Moreover, nothing contained within this Protective Order shall limit the authority of the Industrial Commission to issue orders directing how personnel information should be treated during a hearing or trial of this matter. All issues, arguments and objections by any party relating to how personnel information should be handled during the course of a hearing or trial are preserved and may be addressed to the Industrial Commission upon proper motion. In the absence of any order by the Industrial Commission to the contrary, however, all persons subject to this Protective Order shall obey its terms during a hearing or trial of this matter and thereafter.
It is further ordered that the names of the individual defendants listed in the caption of these claims shall hereafter be removed from the caption in all subsequent filings in these cases.
This the ___ day of October, 2002.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER